IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MALIK R. SHABAZZ
ADC #095489                                                                                               PLAINTIFF

V.                              CASE NO. 5:15-CV-278 DPM/BD

ANDREWS, et al.                                                                                           DEFENDANTS

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.   Discussion:**

Malik Shabazz, an Arkansas Department of Correction inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983.  (Docket entry #1)  The Court has read his allegations liberally, therefore, to determine whether he has stated a federal claim for relief.

In his complaint, Mr. Shabazz claims that the Defendants retaliated against him by

transferring him from his cell at the Varner Unit to other units of the ADC. He asks for monetary and injunctive relief.

To support a retaliation claim, a prisoner must allege that he engaged in constitutionally protected activity; that defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and that retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Generally, inmates have no constitutional right to be housed in any particular barracks or unit. *Bumgardner v. Norris*, 2010 WL 1729866 (E.D. Ark. 2010) (unpublished opinion) (citing *Allen v. Purkett*, 5 F.3d 1151 (8th Cir. 1993), cert. denied, 513 U.S. 829 (1994)); *Brown v. Norris*, 2008 WL 2705104 (E.D. Ark. 2008) (unpublished opinion)(citing *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999)). But, prison officials cannot transfer prisoners in retaliation for engaging in constitutionally protected activity.

Here, Mr. Shabazz alleges that he was drug tested multiple times and that Defendants Jackson and Andrews "sabotaged" his urine samples. He states that he "was then retaliated on" by being moved to a new housing barracks, then transferred to a different ADC unit. Mr. Shabazz has not alleged, however, that he engaged in any constitutionally protected activity that led to the transfers. As a result, he has not stated a federal claim for relief.

**III.    Conclusion:**

The Court recommends that Mr. Shabazz's claims be DISMISSED, without prejudice, based on his failure to state a federal claim.

DATED, this 9th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE